Exhibit "A"

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.
**09-2627**

MIDDLESEX , ss

*Christom Larsin* ......................... , Plaintiff(s)

v.

...*LVNV Funding LLC*........... , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ........ *Margaret M. Melican* ....................

............................................... plaintiff's attorney, whose address is ......*390 Main Street, Worcester*

*Massachusetts 01608* ........................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .......*Woburn*.................

............................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .......*Woburn*...................................................

the ............*sixth*........................... day of ........*July 2009*.......................................

....................., in the year of our Lord ...................................... .

....................................... Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

Exhibit "B"

COMMONWEALTH OF MASSACHUSETTS     SUPERIOR COURT

MIDDLESEX, SS.                    DOCKET NO.   09-2627

CHRISTOM LARSIN
PALINTIFF

VS.

LVNV FUNDING
LUSTIG GLASER & WILSON
DEFENDANTS

## COMPLAINT AND JURY DEMAND

### COUNT I

1.  The Plaintiff is a natural person, residing at 42 Worthen Road, Lexington,

    Middlesex County, Massachusetts. He is a consumer within the meaning of

    M.G.L. Chapter 93 and 93A and 15 U.S.C. Section 1692 et seq.

2.  The Defendant LVNV Funding LLC is a limited liability company of unknown

    origin, having a usual place of business at 15 South Main Street, Greenville, South

    Carolina. Hereinafter LVNV Funding LLC will be referred to as "LVNV". The

    Defendant LVNV is engaged in trade or commerce within the meaning of M.G.L.

    Chapter 93 and 93A. The Defendant LVNV is a debt collector within the meaning

    of M.G.L. Chapter 93, Section 49 and 93A and U.S.C. Section 1692 et seq. and is

    in the business of purchasing delinquent accounts from banks and credit grantors

    and then seeking payment from original customers of the said banks and credit

    grantors.

3.  The Defendant Lustig Glaser & Wilson  PC (hereinafter referred to as Lustig

    Glaser & Wilson) is a Massachusetts professional corporation with a usual place

of business at P. O. Box 9127, Needham, Massachusetts. The Defendant Lustig

Glaser & Wilson is engaged in trade or commerce within the meaning of M.G.L.

Chapter 93 and 93A. The Defendant Lustig Glaser & Wilson is a debt collector

within the meaning of M.G.L. Chapter 93, Section 49 and 93A and U.S.C. Section

1692 et seq.

4. On or about October 15, 2008, LVNV through Lustig Glaser & Wilson brought

suit against the Plaintiff, alleging that the Plaintiff owed $16,211.72 on a credit

card account originally owned by Citi-Sears but now purchased by LVNV.

5. On November 12, 2008, the Plaintiff filed an answer to the complaint of LVNV

and counterclaimed for damages.

6. On November 12, 2008, the Plaintiff requested documents of LVNV, including

documents that would prove the purchase of the account from Citibank or Sears,

as well as all applications and agreements between the original creditor and the

Plaintiff.

7. Neither LVNV nor Lustig Glaser & Wilson produced any of the documents

requested and finally on or about December 18, 2008, the Plaintiff, through his

counsel, and Lustig Glaser & Wilson representing LVNV, agreed to dismiss the

complaint brought by LVNV and provide the Plaintiff with a release.

8. The Plaintiff executed a release and stipulation for dismissal and provided Lustig

Glaser & Wilson with evidence that he received Social Security benefits and in

all substantial respects, complied with all of the terms of the settlement

agreement.

9. On December 18, 2008, Lustig Glaser & Wilson reported the case as settled with the Concord District Court and on January 22, 2009, the said Concord District Court entered a judgment of dismissal, as shown in an exhibit attached hereto.

10. The Plaintiff gave good and valuable consideration for the agreement with the Defendant LVNV as he had substantial counterclaims and further, believed that neither LVNV nor Lustig Glaser & Wilson would be able to or willing to disclose the details of the acquisition of the account or the terms of the original credit agreement with Citibank. Where LVNV would not be able to prove any case against the Plaintiff, and where Lustig Glaser & Wilson knew or should have known that they would be ultimately unsuccessful in recovering any judgment from the Platinff, the Plitniff's chances of recovering a judgment against LVNV on his counterclaim were increased.

11. Although LVNV and Lustig Glaser & Wilson agreed to provide the Plaintiff with a release as to the claims set out in its complaint, no such release was ever signed or delivered to the Plaintiff and upon information and belief, both LVNV and Lustig Glaser & Wilson continued to consider the debt as alleged in the Concord District Court suit to be collectable notwithstanding the dismissal of the case and the settlement agreement.

12. After December 18, 2008, upon information and belief, LVNV terminated Lustig Glaser & Wilson as its attorneys and transferred all its files to another law firm.

13. On May 29, 2009, LVNV, through new counsel, attempted to collect the same debt as which was the subject of the complaint in the Concord District Court, the settlement agreement and the release.

14. The Plaintiff says that LVNV and Lustig Glaser & Wilson knew or should have known that all right to collect or attempt to collect money from the Plaintiff was extinguished and that it had, in fact and in law, no right to seek payment from the Plaintiff.

15. LVNV breached and continue to breach the aforesaid settlement agreement by seeking and demanding payment on the account that was the subject of the settlement agreement.  Lustig Glaser & Wilson breached the settlement agreement by failing, refusing or neglecting to obtain a reciprocal release in favor of the Plaintiff, closing out the case in its own office, and notifying LVNV that the right to collect the account was extinguished.

16. The Plaintiff has notified the Defendant LVNV that he is represented by an attorney, he has a settlement agreement with LVNV containing, among other provisions, a full release of all claims against him and that he owes nothing.

17. The Plaintiff has been damaged thereby in that he has lost credit reputation, incurred attorney's fees and suffered other damage as a result of the breach of the agreement.

WHEREFORE, the Plaintiff demands judgment against the Defendant LVNV as follows:

a. Damages in an amount to be determined by this Court, together with interest, costs and reasonable attorney's fees.

b. That this Court temporarily restrain the Defendant LVNV from making further demand, instituting suit, contacting, making any derogatory reports to any credit reporting company or any other source concerning the Plaintiff's

account with LVNV, selling or pledging the Plaintiff's account or taking any other action to collect money from the Plaintiff.

c.   That this Court, after hearing and notice, enjoin the Defendant from making further demand, instituting suit, contacting, making any derogatory reports to any credit reporting company or any other source concerning the Plaintiff's account with LVNV, selling or pledging the Plaintiff's account or taking any other action to collect money from the Plaintiff.

d.   Such other and further relief as may be deemed by this Court as being meet and just.

### COUNT II

18. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of the Complaint and incorporates by reference those same allegations herein as if separately set out.

19. The Plaintiff says that the Defendant LVNV attempted and is still attempting to obtain, by fraud, trick or deceit money from the Plaintiff that is not due and owing.

20. The Plaintiff has been damaged by the acts and conducts of the Defendants and continues to suffer damage.

WHEREFORE, the Plaintiff demands judgment against the Defendant LVNV in an amount to be determined by this Court, together with interest, costs and reasonable attorney's fees.

### COUNT III

21. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 of the Complaint and incorporates by reference those same allegations herein as if separately set out.

22. The Plaintiff says that the Defendant LVNV has falsely stated and reported publicly via credit reporting agencies that he is delinquent with an account with LVNV and has made derogatory comments regarding his credit history with said LVNV.

23. Such statements are false as the Plaintiff owes nothing to LVNV.

24. The Plaintiff's credit and personal reputation has been harmed by the false statements made by the Defendants and she has suffered damage thereby.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by this Court, together with interest, costs and reasonable attorney's fees.

## COUNT IV

26. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 of the complaint and incorporates those allegations herein as if separately set out.

27. The Plaintiff says that the acts of LVNV and Lustig Glaser & Wilson in obtaining a release from the Plaintiff, falsely representing to the Plaintiff that the account was closed and that no further collection activity would occur in the future, and failing, neglecting or refusing to provide a reciprocal release to the Plaintiff, constitutes a fraud.

28. The Defendants LVNV and Lustig Glaser and Wilson knew or should have known that the Plaintiff would rely upon the representations made by Lustig Glaser & Wilson.

29. The Plaintiff says that the representations were knowingly false when made and were made with the knowledge and express intent to cause the plaintiff to give up and release his claims against LVNV, while LVNV and Lustig Glaser & Wilson would never close their file or stop seeking and demanding payment from the Plaintiff.

30. The Plaintiff says that the acts and conduct of the Defendants constitute violations of M.G.L. Chapter 93, Section 49 and are actionable as such.

31. The Plaintiff suffered damages as a result of the acts and conduct of the Defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by this court, together with interest, costs and reasonable attorney's fees.

## COUNT V

32. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 of the Complaint and incorporates by reference those allegations as if separately set out herein.

33. The Defendants LVNV and Lustig Glaser & Wilson intentionally caused the Plaintiff extreme distress.

34. The Plaintiff has suffered and continues to suffer extreme distress as a direct and proximate cause of the conduct of the Defendants LVNV and Lustig Glaser & Wilson.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by this court, together with interest, costs and reasonable attorney's fees.

## COUNT VI

35. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of the Complaint and incorporates by reference those allegations as if separately set out herein

36. The Plaintiff says that the Defendant LVNV falsely and publicly published statements that the Plaintiff owed over $16,000 on a delinquent and charged off account.

37. The Plaintiff has been damaged by the false statements made by the Defendant LVNV.

WHEREFORE, the Plaintiff demands judgment against the Defendant LVNV in an amount to be determined by this Court, together with interest and costs of suit.

## COUNT VII

38. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 37 of the Complaint and incorporates by reference those allegations as if separately set out herein

39. The Plaintiff says that the acts and conduct of the Defendants LVNV and Lustig Glaser & Wilson constitute unfair and deceptive trade and collection practices within the meaning of M.G.L. Chapter 93 and Chapter 93A.

40.  The Plaintiff says that the acts and conduct of the Defendants LVNV and Lustig Glaser & Wilson were intentional and willful and designed to produce damage.

41.  On May 29, 2009, the plaintiff made demand upon the Defendants LVNV and Lustig Glaser & Wilson, in accordance with the provisions of M.G.L. Chapter 93A. A copy of the Plaintiff's demand is attached hereto.

42.  The Plaintiff caused the aforesaid claim to be served upon the Defendant by certified mail, postage prepaid, and the Defendants received the aforesaid claim on May 30, 2009 and June 1, 2009, as shown in the attached certified mail receipt.

43.  No reasonable offer of settlement has been had from the Defendants regarding the above noted claim.

44.  The Plaintiff says that the acts and conduct of the Defendant as described in the claim letter and on other divers dates and times constitute violations of M.G.L. Chapter 93 and Chapter 93A.

45.  The Plaintiff says further that the acts and conduct of the Defendant were intentional, willful, knowing and designed to produce damage and harm.

46.  The Plaintiff has been harmed, having suffered mental distress, fear, anxiety, anguish, headaches, great stress, worry, and loss of sleep, as well as liability for attorney's fees.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by this Court, together with reasonable attorney's fees and the assessment of multiple damages.

COUNT VIII

47. . The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 37 of the Complaint and incorporates by reference those allegations as if separately set out herein

48. The Plaintiff says that LVNV and Lustig Glaser & Wilson had a duty to use reasonable and ordinary care, or the care that a reasonable creditor or debt collector would or should exercise in maintaining its files with current and accurate information, and ensuring that accounts are properly closed and claims extinguished.

49. The Plaintiff says that LVNV breached that duty of care when it negligently failed to obtain and maintain accurate and current information as to the status of its claim against the Plaintiff, note that the LVNV suit against the Plaintiff had been dismissed, and that it had settled its claim against the Plaintiff with the promise of a release.

50. The Plaintiff says that Lustig Glaser & Wilson breached that duty of care when it negligently failed to maintain and transmit accurate and current information as to the status of the claim of LVNV against the Plaintiff, inform LVNV that it had brought and dismissed a suit against the Plaintiff, entered into a written settlement agreement with the Plaintiff, failed, refused or neglected to obtain a reciprocal release from LVNV in favor of the Plaintiff and failed to inform the Plaintiff that it had not advised, notified or informed LVNV that the case was settled.

51. The Plaintiff, as a direct and proximate result of the acts and conduct of the Defendants LVNV and Lustig Glaser & Wilson, was harmed.

WHEREFORE, the Plaintiff demands judgment in an amount to be determined by this Court, together with interest and costs.

## THE PLAINTIFF DEMANDS A TRIAL BY JURY

By his attorney,

MARGARET M. MELICAN
390 Main Street
Worcester, Massachusetts 01608
Telephone: (508)831-7671
BBO#342100

Exhibit "C"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX. ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| CHRISTOPHER LARSIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | C.A. No.: 09-2627 |
| ) | |
| LVNV FUNDING, LLC ) | |
| and LUSTIG GLASER & WILSON, PC ) | |
| ) | |
| Defendants, ) | |

## DEFENDANT'S EMERGENCY *EX PARTE* MOTION
## FOR ENLARGEMENT OF TIME WITHIN WHICH TO ANSWER & DEFEND

NOW COMES Defendant, LVNV Funding, LLC (hereinafter "LVNV"), by and through

its counsel, Deily, Moony & Glastetter, LLP, who hereby moves this Court, pursuant to

Mass.R.Civ.P. 6(b)(1), for an Order allowing LVNV an enlargement of time within which to

interpose its answer and defenses to the Complaint of Plaintiff, Christopher Larsin (hereinafter

"Larsin") and asserts as grounds therefor:

     1.     LVNV was served with process at its place of business in Charleston, South

Carolina by mail on July 9, 2009;

     2.     The time period within which LVNV may answer the complaint under

Mass.R.Civ.P. 12(a)(1) (twenty (20) days) and 6(d) (an additional three (3) days when served by

mail) expires on August 1, 2009;

     3.     LVNV has retained undersigned Massachusetts counsel, and counsel requires the

additional time to adequately investigate the facts underlying the claims at bar and to formulate

the appropriate answer and defenses to Larsin's Complaint;

4.      This motion is made prior to the expiration of the time originally prescribed for the answering papers; and

5.      Larsin will suffer no prejudice, insofar as this is an action at law, and there are no motions pending.

WHEREFORE, LVNV requests that it be allowed an additional twenty (20) days, to wit, until August 21, 2009, within which to answer and defend Larsin's Complaint.

LVNV requests that this matter be considered on an *ex parte,* emergency, and expedited basis, pursuant to Mass.R.Civ.P. (b)(1) and 6(c) and Mass.Super.Ct.R. 9A(e)(1), due to the extraordinary and provisional nature of the relief sought.

Dated:      July  29 , 2008        LVNV FUNDING, LLC
            Albany, New York

                                   By its attorneys,

                                   Douglas J. Rose, Esq. (BBO No. 629080)
                                   DEILY, MOONEY & GLASTETTER, LLP
                                   8 Thurlow Terrace
                                   Albany, New York  12203-1006
                                   (518) 436-0344

## CERTIFICATE OF SERVICE

I, Douglas J. Rose, Esq., do hereby certify that I have caused a true copy of the within Motion to be served by overnight courier, this 29th day of July, 2009, upon:

Margaret M. Mellican, Esq.
390 Main Street
Worcester, MA 01608

Mark S. Bodner, Esq.
Engelberg, Bratcher & Kenner
60 State Street, Suite 600
Boston, MA  02109

                                   Douglas J. Rose

Exhibit "D"

COMMONWEALTH OF MASSACHUSETTS     SUPERIOR COURT

MIDDLESEX, SS.                    DOCKET NO. 09-2627

CHRISTOM LARSIN
Plaintiff

Vs.

LVNV FUNDING LLC
LUSTIG GLASER & WILSON PC
Defendants

## PLAINTIFF'S OPPOSITION TO EX PARTE MOTION OF LVNV FUNDING FOR ENLARGEMENT OF TIME

Now comes the Plaintiff, by and through his attorney, and opposes the ex parte motion of LVNV Funding LLC for enlargement of time to answer.

In support thereof, the Plaintiff says that a demand pursuant to M.G.L. Chapter 93A was served on LVNV Funding LLC on June 1, 2009 setting out the basis for the Plaintiff's complaint. A copy of the demand letter, together with the certified mail receipt, is attached hereto.

In addition, the assertion that this party requires additional time to formulate a defense is patently unreasonable, as this Defendant has known of the Plaintiff's claim since June 1, 2009, made no response whatsoever and has had the pleadings in this matter since July 9, 2009.

The Plaintiff's claim relates to damages suffered when the Defendant LVNV Funding LLC and Lustig Glaser & Wilson brought suit against the Plaintiff in the Concord District Court and dismissed the same after it failed, refused or neglected to comply with reasonable discovery requests. The Defendant LVNV Funding LLC apparently purchased an account of the Plaintiff from another creditor and pursued the Plaintiff for the balance claimed. The Defendants promised the Plaintiff a release but never provided the same. A few months after the case filed in the Concord District Court was dismissed (as well as the Plaintiff's counterclaim), the defendant LVNV Funding LLC sent the very same account to a second law firm which made demand on the Plaintiff, through his counsel.

The Plaintiff says that the Defendant LVNV Funding LLC has had full access to all of the records concerning its activities respecting the Plaintiff and its assertion now

that it needs additional time to present its defense is made solely for purposes of delay and to cause further harm to the Plaintiff.

The Plaintiff has requested injunctive relief only to prevent LVNV Funding LLC from taking further steps to collect on an account that has long been resolved. The relief requested is not extraordinary. This Defendant's claims against the Plaintiff were extinguished with the dismissal of the case in the concord District Court and the agreement to provide a release. The Plaintiff requested an agreement in its demand letter that LVNV Funding give written assurance that it would not take any further steps to collect money from the Plaintiff. This Defendant declined to do so and it is only this relief that the Plaintiff seeks.

By his attorney,

Margaret M. Melican, Attorney for Plaintiff
390 Main Street
Worcester, MA 01608
Telephone: (508)831-7671
BBO#342100

I certify that I have this day served a copy of the foregoing upon the following counsel or parties by first class mail, postage prepaid:

Lustig Glaser & Wilson
P. O. Box 9127
Needham, Massachusetts 02492

Douglas J. Rose, Esquire
Deily, Mooney and Glastetter
8 Thurlow Terrace
Albany, NY 12203
Dated: July 31, 2009

# MARGARET M. MELICAN
### ATTORNEY AT LAW
### 390 MAIN STREET
### WORCESTER, MASSACHUSETTS 01608

Telephone: (508) 831-7671                                    Facsimile: (508) 831-9965
E-mail:   MargaretMelicanM@aol.com

May 29, 2009

LVNV Funding
200 Meeting Street, Suite 206
Charleston, South Carolina 29401

Lustig, Glaser & Wilson
P. O. 9127
Needham, Massachusetts 02492

       RE:  LVNV Funding claim against Christom Larsin

Gentlemen:

As you know, I represent Christom Larsin with regard to the claim of Citi-Sears (sold to
LVNV Funding).   I filed an appearance, answer and counterclaim in the case of LVNV
Funding v. Christom G. Larsin in the Concord District Court, Docket No. 0847CV0591.
That case was resolved by agreement with Lustig Glaser & Wilson with a dismissal of
the litigation and the exchange of mutual releases.  My client signed a release in favor of
LVNV Funding.  My file indicates that although I have requested the signed release
from LVNV Funding, no such release was ever received.  My correspondence from
Attorney Richard Tirrell of Lustig, Glaser & Wilson, however, clearly indicates that the
matter was resolved with the transmission of my client's Social Security benefits
statement and no other contingencies.

Today, I received a telephone call from Barry Smith of the Law Office of Richard J.
Boudreau & Associates of Salem, New Hampshire regarding this very same account.
Mr. Smith inquired whether my representation of Christom Larsin concerned a
bankruptcy case or was Mr. Larsin ready to pay LVNV Funding.  Mr. Smith informed
me that The Law Office of Richard J. Boudreaux & Associates had been given my
client's file for collection on April 23, 2009 and that Lustig Glaser & Wilson no longer

represented LVNV Funding. His file contained no indication that this very same account had been in litigation or that the claim file had been closed. He indicated that LVNV Funding considered the account of Christom Larsin to be open and subject to collection activities.

Mr. Smith guessed that LVNV Funding was reporting this account as a delinquent account on the credit report of Christom Larsin, as the claim was clearly open and active in the files of LVNV Funding.

Mr. Smith was unable to transfer me to any attorney in the office, but informed me that LVNV would now consider this account as a disputed claim but that the account would remain open.

I informed my client immediately of the status of his account, now placed by LVNV Funding with another law firm. Mr. Larsin has been in extremely ill health for some time, but the knowledge that LVNV funding was attempting to obtain payment from him has caused his already poor health to be severely and seriously impacted. He is now seeking additional medical assistance as a result of the stress related to the status of this account with LVNV Funding. He is most distressed with the knowledge that LVNV Funding continues to try to collect this debt and that his credit report contains an adverse and damaging report concerning this account.

Please consider this letter to be a claim and demand pursuant to M.G.L. Chapter 93 and 93A for the unfair debt collection practices with falsely and deceptively representing that the account was closed, dismissing the litigation against him, requesting and receiving a release in favor of LVNV Funding, failing and refusing to give a promised reciprocal release, failing to take appropriate steps to close the file administratively, continuing to report this account as a delinquent account after having represented that a release would be given, and for attempting to obtain payment on an account that has been closed with a dismissal and release.

Please take notice that we regard the actions of LVNV Funding and Lustig Glaser & Wilson to be willful and intentional and designed to produce damage.

My client intends to assert his claims for unfair and deceptive debt collection, as well as intentional and negligent infliction of mental distress, fraud and deceit and defamation against both LVNV Funding and Lustig Glaser & Wilson.

Demand is hereby made for the following:

1. Written assurance from LVNV Funding that the Citi-Sears account has been closed and that no collection activity will take place in the future regarding this account.

2. The immediate deletion of any adverse credit report to any reporting agency relative to this account.

3. Payment to Christom Larsin in the amount of $50,000.00 for the severe emotion distress suffered by him as a result of the actions of LVNV Funding and Lustig Glaser & Wilson.

4. Payment to this office of $1500.00 in attorney's fees for services rendered to date.

5. A full and final release executed by LVNV Funding on the Citi-Sears account, as promised and represented by Lustig Glaser & Wilson.

Please forward your response to this office with your offer of settlement.

Very truly yours,

MARGARET M. MELICAN

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 08/30/09

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

1. Article Addressed to:

Lustig Glaser +
Wilson
PO Box 9137
Needham MA 02492

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7005 1820 0003 8983 0604

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Casi M Gru   ☐ Agent
               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Casi Girad                    6/11/09

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

1. Article Addressed to:

LVNV Funding
200 Meeting St.
Suite 206
Charleston, SC
         29401

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7005 1820 0003 8983 0615

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

| JUDGMENT OF DISMISSAL | DOCKET NUMBER 200847CV000591 | Trial Court of Massachusetts District Court Department | |
|---|---|---|---|

**CASE NAME:** LVNV FUNDING LLC AS ASSIGNEE FOR CITI-SEARS vs. CHRISTOM G. LARSIN

**PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT**
P01 LVNV FUNDING LLC  as Assignee for CITI-SEARS

**CURRENT COURT**
Concord District Court
305 Walden Street
Concord, MA 01742-3616
(978) 369-0500

**DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT**
D01 CHRISTOM G. LARSIN

ROOM/SESSION

←←←←←
WHEN YOU MUST APPEAR
←←←←←

**PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED**
D01 CHRISTOM G. LARSIN
42 WORTHEN ROAD #A
LEXINGTON, MA 02421-4831

**ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED**
D01 MARGARET M. MELIGAN
390 MAIN STREET
WORCESTER, MA 01608

## JUDGMENT OF DISMISSAL

On the above action, for failure to file an agreement for judgment as ordered by the Court, it is hereby Ordered and Adjudged by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) take nothing (Kilmartin, Hon. Peter J.).

## NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| DATE JUDGMENT ENTERED 01/22/2009 | CLERK-MAGISTRATE/ASST. CLERK X | | |
|---|---|---|---|

Date/Time Printed:  01/22/2009 10:23 AM

FORM NO.

Exhibit "E"

COMMONWEALTH OF MASSACHUSETTS     SUPERIOR COURT

MIDDLESEX, SS.                                   DOCKET NO.  09-2627

CHRISTOM LARSIN
Plaintiff

Vs.

LVNV FUNDING LLC
LUSTIG GLASER & WILSON PC
Defendants

PLAINTIFF'S MOTION FOR SPEEDY TRIAL
PURSUANT TO M.G.L. CHAPTER 231, SECTION 59F

    Now comes the Plaintiff, by and through his attorney, and moves this Honorable
Court for an order advancing this case for a speedy trial, pursuant to the provisions of
M.G.L. Chapter 231, section 59F.

By his attorney,

Margaret M. Melican, Attorney for Plaintiff
390 Main Street
Worcester, MA 01608
Telephone:  (508)831-7671
BBO#342100

I certify that I have this day served a copy of the foregoing motion upon the following
counsel or parties by first class mail, postage prepaid:

Lustig Glaser & Wilson
P. O. Box 9127
Needham, Massachusetts 02492

Douglas J. Rose, Esquire
Deily, Mooney and Glastetter
8 Thurlow Terrace
Albany, NY 12203
Dated: July 31, 2009

Exhibit "F"

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**
                                        **MIDDLESEX SUPERIOR COURT**
                                        **CIVIL ACTION NO.: MICV09-02627**

| | |
|---|---|
| **CHRISTOM LARSIN,**<br>        **Plaintiff** | ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **LVNV FUNDING, LLC and**<br>**LUSTIG, GLASER & WILSON, P.C.,**<br>        **Defendants** | ) <br> ) <br> ) |

## DEFENDANT, LUSTIG, GLASER & WILSON, PC'S ANSWER TO COMPLAINT FILED BY PLAINTIFF, CHRISTOM LARSIN

Now comes the Defendant, Lustig, Glaser & Wilson, P.C. (hereinafter referred to as "LGW"), in answer to the Complaint of the Plaintiff, Christom Larsin (hereinafter referred to as the "Plaintiff"), and states the following:

1.      LGW admits the allegations in Paragraph 1 of the Plaintiff's Complaint with respect to the identity, name and address of Plaintiff:  however, LGW states that it does not have sufficient information about the Plaintiff and his use of credit to admit or deny the remaining allegations characterizing the Plaintiff as a "consumer" within the meaning of the referenced statutes. Furthermore, the Plaintiff has impermissibly cast legal conclusions as allegations of fact in this Paragraph. Therefore, LGW denies the allegation that the Plaintiff is a consumer and calls upon the Plaintiff to prove the same.

2.      LGW admits the allegations in Paragraph 2 of the Plaintiff's Complaint with respect to the organizational form, name and address of LVNV Funding, LLC: however, LGW states that it does not have sufficient information about the Plaintiff and his use of credit to admit or deny the remaining allegations concerning whether LVNV Funding, LLC is a debt collector within the meaning of the FDCPA (15 USC 1692 et seq.), M.G.L. Chapter 93, Section 49, and/or M.G.L. Chapter 93A. LGW states that it does not have sufficient information to determine whether LVNV Funding, LLC is "engaged in the course of trade or commerce within the meaning of M.G.L. Chapter 93 and 93A" as alleged.  Furthermore, the Plaintiff has impermissibly cast these legal conclusions as allegations of fact: as such, LGW is not required to plead in response thereto.  LGW denies the remaining allegations characterizing the defendants and pertaining to the statutes cited by Plaintiff in Paragraph 2 and calls upon the Plaintiff to prove the same.

3.      LGW admits the allegations in Paragraph 3 of the Plaintiff's Complaint with respect to the name, corporate form and mailing address of LGW.  However, the Plaintiff states that it does not have sufficient information about the Plaintiff and his use of credit to admit or deny the remaining allegations concerning the whether the LGW is a debt collector within the meaning of the FDCPA (15 USC 1692 et seq.), M.G.L. Chapter 93, Section 49, and M.G.L. Chapter 93A and LGW states that it does not have sufficient information to determine whether LVNV Funding, LLC is engaged in the course of trade or commerce within the meaning of M.G.L. Chapter 93 and Chapter 93A, as pertaining to the allegations in this action.  Furthermore, the Plaintiff has impermissibly cast these legal conclusions as allegations of fact.  Therefore, the LGW denies the remaining allegations pertaining to the statutes cited by Plaintiff in Paragraph 3 of his Complaint and calls upon the Plaintiff to prove the same.

4.    LGW admits the allegations contained in Paragraph 4 of the Plaintiff's complaint, but denies the

date alleged. Plaintiff states that the Complaint was entered on the Concord District Court's docket

on October 27, 2008.

5.    LGW admits that Plaintiff, by his counsel, Margaret Melican, mailed the LGW, a request for

production of documents at some time, but is without sufficient information to determine whether

that date alleged is correct, because the certificate of service attached to said requests for production

(and filed with the Concord District Court on November 17, 2008) certifies that Attorney Melican

sent the request for production to "Charlene Sandlin, Esquire, 5 Industrial Way, Salem New

Hampshire 03 079" on "July 15, 2007" (who was neither a party to said District Court action nor

related in any way to LGW).   Therefore, LGW denies the date alleged and calls on Larsin to prove

the same.

6.    LGW is without sufficient information about communications made by Plaintiff to directly to

LVNV Funding, LLC, as alleged in Paragraph 6 of the Plaintiff's Complaint, and cannot admit or

deny these allegations.  As such, the LGW denies the allegations contained in Paragraph 6 and calls

on Plaintiff to prove the same.

7.    LGW admits that it did not produce documents in the District Court action on or by December

18, 2008, as alleged in Paragraph 7 of the Plaintiff's Complaint, and deny that such production was

due by that date.  However, LGW denies that it agreed to dismiss the District Court case on

December 18, 2009, and states further that the agreement to dismiss was conditional upon the

Plaintiff providing a properly executed mutual release and a copy of his Social Security benefits

notice to LGW.

8.    LGW denies that the Plaintiff properly executed the release agreement.  LGW denies that it ever

- 3 -

received a properly executed mutual release, as agreed by the parties, despite Plaintiff's counsel's promise to provide such a properly executed release. LGW admits that it did receive evidence that the Plaintiff was receiving Social Security benefits. LGW denies the remaining allegations contained in Paragraph 8 of the Plaintiff's complaint and specifically denies that the Plaintiff materially complied with the settlement agreement as alleged by Plaintiff in this Paragraph.

9.     LGW denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint. LGW states that on December 19, 2009, it reported to the Concord District Court that counsel for the parties had reached a tentative settlement, (which was conditional upon Plaintiff taking certain actions, including properly executing a mutual release) and that consequently counsel for the parties had agreed to request a thirty-day, nisi dismissal, settlement order to give the parties time to complete the settlement.

10.     LGW denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.     LGW denies the allegations contained in Paragraph 11, of the Plaintiff's Complaint, and states further that no such release was ever provided because the agreement between the parties' counsel in the District Court action counsel required that the Plaintiff was to first properly execute the release and return it to LGW (as Counsel for LVNV Funding, LLC, which was the Plaintiff in the District Court action against Plaintiff) and at that time the release would be sent to LVNV Funding, LLC for its execution. Since Plaintiff refused and failed to return the mutual release form properly signed, despite his counsel's promise that he would do so, LVNV Funding, LLC did not execute the release nor was it under any obligation to do so.

12.     LGW denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.     LGW does not have sufficient information to ascertain the veracity of the allegations involving

the third-party law firm, which are alleged by Plaintiff in Paragraph 13 of his Complaint. As such,

LGW denies the allegations contained in Paragraph 13 of the Plaintiff's complaint and calls on the

Plaintiff to prove the same.

14.    LGW denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.    LGW denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.    LGW denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.    LGW denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.


COUNT II

18.    LGW repeats and re-asserts its responses to Paragraphs 1-17 of the Plaintiff's Complaint and sets

them forth here in response to Paragraph 18 of the Plaintiff's Complaint.

19.    LGW denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20.    LGW denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.


COUNT III

21.    LGW repeats and re-asserts its responses to Paragraphs 1-20 of the Plaintiff's Complaint and sets

them forth here in response to Paragraph 21 of the Plaintiff's Complaint.

22.    LGW states that at present it does not have sufficient information regarding the allegations made

in Paragraph 22 of the Plaintiff's Complaint to ascertain their veracity, and therefore, LGW denies

the allegations contained in Paragraph 22 of the Plaintiff's Complaint and calls on the Plaintiff to

prove the same.

23.    LGW states that at present it does not have sufficient information regarding the allegations made

in Paragraph 23 of the Plaintiff's Complaint to ascertain their veracity, and therefore, LGW denies

the allegations contained in Paragraph 23 of the Plaintiff's Complaint and calls on the Plaintiff to

prove the same.

24.    LGW denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.    There is no Paragraph Number 25 in the Plaintiff's Complaint, as such it requires no response,

even though Plaintiff's counsel refers to this paragraph later in the Plaintiff's Complaint.


COUNT IV

26.    LGW repeats and re-asserts its responses numbered 1-25 set forth herein to the Plaintiff's

Complaint and sets them forth here in response to Paragraph 26 of the Plaintiff's Complaint.

27.    LGW denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.    LGW denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.    LGW denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.    LGW denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31.    LGW denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.


COUNT V

32.    LGW repeats and re-asserts its responses to Paragraphs 1-31 of the Plaintiff's Complaint and sets

them forth here in response to Paragraph 32 of the Plaintiff's Complaint.

33.    LGW denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.    LGW denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

COUNT VI

35.     The LGW repeats and re-asserts its responses to Paragraphs 1-34 of the Plaintiff's Complaint and sets them forth here in response to Paragraph 35 of the Plaintiff's Complaint.

36.     LGW states that at present it does not have sufficient information regarding the allegations made in Paragraph 36 of the Plaintiff's Complaint to ascertain their veracity, and therefore, LGW denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint and calls on the Plaintiff to prove the same.

37.     LGW denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

COUNT VII

38.     The LGW repeats and re-asserts its responses to Paragraphs 1-37 of the Plaintiff's Complaint and sets them forth here in response to Paragraph 38 of the Plaintiff's Complaint.

39.     LGW denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.     LGW denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41.     LGW admits that Plaintiff's counsel sent the attached letter to Lustig, Glaser & Wilson, P.C., which was mailed and post-marked on May 29, 2009.  However, LGW denies the conclusion, couched as an allegation in Paragraph 41 of the Plaintiff's Complaint, that the attached letter therein referenced is a proper demand letter under M.G.L. Chapter 93A because it does not comply with the provisions of that statute.  Therefore, LGW denies the remaining allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42.     LGW admits the allegations contained in Paragraph 42 of the Plaintiff's Complaint that the attached letter referenced in Paragraph 41 of the Complaint was received by it on May 30, 2009.

LGW is without actual knowledge as to when such letter was received, if at all, by any other defendant to this action, and neither admits nor denies such allegations. Pleading further, LGW denies that the attached letter is a proper demand letter under M.G.L. Chapter 93A because it does not comply with the provisions or requirements of that statute. Therefore, the LGW denies the remaining allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. LGW denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. LGW denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. LGW denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46. LGW denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.


COUNT VIII

47. The LGW repeats and re-asserts its responses to Paragraphs 1-46 of the Plaintiff's Complaint and sets them forth here in response to Paragraph 47 of the Plaintiff's Complaint.

48. LGW states that in Paragraph 48 of his Complaint the Plaintiff states a conclusion of law impermissibly cast as a factual allegation. LGW further states that the law speaks for itself with regard to this issue. LGW denies any and all allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49. LGW denies the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. LGW denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. LGW denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

## GENERAL DENIAL AND RESPONSE

LGW denies the allegations in Plaintiff's Claim that have not been previously admitted, denied or answered.  LGW denies that the Plaintiff is entitled to the relief he has requested in his Complaint.

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff herby reserves its rights to make motion under Mass. Rules of Civil Procedure, Rule 12(b)(6).

### Second Affirmative Defense

Plaintiff has failed, as required under M.R.Civ.P., Rule 9 (b), to state with particularity his claims regarding alleged fraud and therefore has violated, or failed to satisfy, M.R.Civ.P., Rule 9 (b).  As such, these claims regarding alleged fraud must be dismissed.

### Third Affirmative Defense

The Plaintiff has been damaged by his own actions and not by the actions of the LGW.

### Fourth Affirmative Defense

The Plaintiff has failed to join a party necessary in this action under Rule 19, namely:  his attorney, Margaret Melican, and/or her law firm.

### Fifth Affirmative Defense

The Plaintiff failed to mitigate his damages.

### Sixth Affirmative Defense

The Plaintiff has unclean hands and is not entitled to the relief sought in law or in equity.

### Seventh Affirmative Defense

The Plaintiff is estopped from asserting these claims by his own actions including, *inter alia*, promising but failing to return the properly executed release as agreed by counsel for the parties in the District Court action.

### Eighth Affirmative Defense

The Plaintiff breached the settlement agreement by failing to provide a properly signed release and breached the agreement reached between Plaintiff's counsel and LGW to provide a properly executed release. All of his damages flow directly from his own breach of contract.

### Ninth Affirmative Defense

The Plaintiff cannot recover under 15 USC Section 1692, et seq. because if there were any violation of said statute by the Plaintiff (a fact which the Plaintiff specifically denies) then those violations were the result of a *bona fide error*, for which the Plaintiff cannot recover.

### Tenth Affirmative Defense

The Plaintiff's use of 15 USC Section 1692, et seq. in its Complaint is frivolous and without any factual support for any violation of 15 USC Section 1692, et seq. by LGW. As such, the Plaintiff's assertions are without any merit or even any colorable claim against LGW and are included in the

- 10 -

Complaint solely to harass LGW. LGW therefore claims all just and appropriate relief under this the

provision of 15 USC Section 1692k (a)(3) of the Fair Debt Collection Practices Act, including all

costs and its attorneys' fees.

### Eleventh Affirmative Defense

The Plaintiff 's claims as asserted in its Complaint against the LGW in this action are without merit

and have been filed in violation of M.G.L. Chapter 231, Section 6F.  Consequently, LGW demands

its costs, damages and all other appropriate relief including attorneys fees.

### Twelfth Affirmative Defense

The Plaintiff by its own conduct has waived its rights to assert the claims it has raised in its

Complaint in this action.

### Thirteenth Affirmative Defense

The Plaintiff failed to perform under the settlement agreements and has failed to provide

consideration for said agreement.

### Fourteenth Affirmative Defense

The Plaintiff own negligence contributed to any damages due and as such the LGW is not entitled to

the relief he has sought.

### Fifteenth Affirmative Defense

The Plaintiff 's injury, if any, were caused by the malpractice or preach of fiduciary duty of his

attorney, Margaret Melican, and as such the Plaintiff is not entitled to relief from LGW in this action.


### Sixteenth Affirmative Defense

The Plaintiff 's demand against the defendants in this action, and the initiation of these proceedings

in this civil action, constitute a fraud on the Court for which the Plaintiff is not entitled to relief.


Defendant,

**LUSTIG, GLASER & WILSON, PC,**
By its attorneys:

Mark S. Bodner (BBO#546005)
Engelberg, Bratcher & Kenner
60 State Street, Suite 600
Boston, MA 02109
(617) 371-4141

DATED: August ___3rd___ , 2009

I hereby certify that a true copy of the above document was
served upon each party or upon the attorney of record for
each party, by mail on _8/3 /09_

Signed:

- 12 -

Exhibit "G"

COMMONWEALTH OF MASSACHUSETTS      SUPERIOR COURT

MIDDLESEX, SS.                     DOCKET NO. 09-2627

CHRISTOM LARSIN
Plaintiff

Vs.

LVNV FUNDING LLC
LUSTIG GLASER & WILSON PC
Defendants

<u>NOTICE OF TAKING ORAL DEPOSITION</u>

TO:   Lustig Glaser & Wilson
      P. O. Box 9127
      Needham, Massachusetts 02492

        NOTICE is hereby given that on **August 18, 2009, at 10:30 a.m.** at the offices of
Defendant's counsel, Margaret M. Melican, 390 Main Street, Worcester, MA 01608, the said
Margaret M. Melican, Esq. will take the deposition pursuant to the Massachusetts Rules of Civil
Procedure **of keeper of records, Lustig Glaser & Wilson PC,** before Tarallo & Tarallo, Notary
Public in and for the Commonwealth of Massachusetts, or before some other officer authorized
by law to administer oaths.

        The oral examination will continue from day to day until completed.  You are
invited to attend and cross-examine.

        Please take notice that the deponent is further required to bring with him the
following materials:
1.      Any and all contracts between LVNV Funding LLC and Lustig Glaser & Wilson PC
respecting legal services to collect the claim of LVNV Funding LLC against the Plaintiff.
        2.      Any and all reports, memoranda, emails and other written status materials sent to
Lustig Glaser & Wilson PC  by  LVNV Funding LLC relative to a claim by LVNV Funding LLC
against Christom Larsin.
        3. Any and all reports, memoranda, emails and other written status materials sent by
Lustig Glaser & Wilson to LVNV Funding LLC relative to any reports  to any credit reporting
agency relating to any claim of LVNV Funding LLC  against Christom Larsin.
        4. Any and all written offers of settlement made by Lustig Glaser & Wilson PC  to
Plaintiff or Plaintiff's counsel relative to a demand dated May 29, 2009 relating to claims of
Plaintiff against LVNV Funding LLC.
        5. Any and all policies of insurance covering Plaintiff's claim against Lustig Glaser &
Wilson PC
        6 Copies of any and all reports, memoranda, emails and other written status documents

given by Lustig Glaser & Wilson PC to LVNV Funding LLC respecting the account of
Christom Larsin.

7.  Any and all correspondence, memoranda, emails and other written materials from
Lustig Glaser & Wilson PC relative to the settlement of the account of Christom Larsin.

8.  Copies of any and all releases signed by LVNV Funding LLC in favor of Christom
Larsin.

By his attorney,

MARGARET M. MELICAN
390 Main Street
Worcester, MA 01608
Telephone:  (508)831-7671
BBO#342100

## CERTIFICATE OF SERVICE

I, Margaret M. Melican, do hereby certify that I have this day served a copy of the
foregoing by mailing first class, postage prepaid:

Lustig, Glaser & Wilson
P. O. Box 9127
Needham, Massachusetts 02492

LVNV Funding LLC
200 Meeting Street, Suite 206
Charleston, SC 29401

Dated:  July 13, 2009